PD-0999-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/3/2015 10:45:41 AM
Accepted 8/6/2015 11:39:01 AM
ABEL ACOSTA
CLERK

#15-_____

Court of Criminal Appeals of Texas

**THE STATE OF TEXAS**,

Petitioner

v.

**MITCHELL McCLENDON**,

Respondent

State's Petition from the 13th District Court of Appeals
(Cause #13-13-00357-CR), on State's Appeal from the 28th District Court of
Nueces County (Cause #12-CR-1886-A)

## STATE'S PETITION FOR DISCRETIONARY REVIEW

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

Attorney for Petitioner

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

**Trial Court Judge:**  Honorable Nanette Hasette, Presiding Judge of the 28th District Court of Nueces County

**Petitioner:**  The State of Texas, District Attorney for the 105th Judicial District, represented by

Appellate counsel:

> A. Cliff Gordon, Asst. Dist. Atty.
> 901 Leopard St., Rm. 206
> Corpus Christi, TX 78401

Trial and appellate counsel:

> Mark Skurka, District Attorney
> Crystal Mathis, Asst. Dist. Atty.
> 901 Leopard St., Rm. 206
> Corpus Christi, TX 78401

**Respondent:**  Mitchell McClendon, represented by

Trial and Appellate Counsel:

> Alex J. Scharff
> Campion & Campion
> 222 E. Main Plaza
> San Antonio, TX 78205

> Fred Jimenez
> Law Offices of Fred Jimenez
> 509 Lawrence St. Ste. 301
> Corpus Christi, TX 78401

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES, AND COUNSEL ........................................ i

INDEX OF AUTHORITIES ....................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT .......................................... iv

STATEMENT OF THE CASE ..................................................................... iv

STATEMENT OF PROCEDURAL HISTORY ................................................ iv

QUESTION PRESENTED FOR REVIEW ...................................................... v

    1. Whether the implied consent and mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement ........... v

ARGUMENT ............................................................................................. 1

PRAYER .................................................................................................. 1

CERTIFICATE OF COMPLIANCE ............................................................... 2

CERTIFICATE OF SERVICE ...................................................................... 3

APPENDIX ............................................................................................... 4

    1. Opinion of the 13th Court of Appeals ....................................... 4

# INDEX OF AUTHORITIES

**Cases**

State v. Villarreal, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), reh'g granted (Feb. 25, 2015) ............................................. 1

**Rules**

Tex. R. App. P. 66.3 ...................................................................................... 1

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe that oral argument would be helpful to determine this appeal because the issue has already been argued in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), *reh'g granted* (Feb. 25, 2015).

## STATEMENT OF THE CASE

A grand jury indicted Mitchell McClendon for Felony Driving While Intoxicated. CR 3. The trial court granted his motion to suppress evidence relating to the warrantless draw of his blood pursuant to TEX. TRANSP. CODE § 724.012(b). CR 63. The State timely appealed. CR 65. The 13th Court of Appeals affirmed, holding that § 724.012 is not a constitutionally recognized alternative to the warrant requirement. Opinion at 5.

## STATEMENT OF PROCEDURAL HISTORY

**Date court of appeals' Opinion handed down**     July 2, 2015

**Date State filed Motion for Rehearing**     n/a

**Date Motion for Rehearing overruled**     n/a

## QUESTION PRESENTED FOR REVIEW

1.     Whether the implied consent and mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement. CR 63; RR 33-34, 37-39.

## ARGUMENT

Although this issue was initially decided against the State in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), *reh'g granted* (Feb. 25, 2015), the Court has yet to issue a final decision. Thus, the State respectfully requests that cases like the present one, with similar or identical issues, be held under consideration until *Villarreal* does become final and binding.

The State continues to argue that the implied consent and mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement, and that the decision of the Thirteenth Court of Appeals to the contrary decides an important question of federal law that has not been, but should be, settled by the Court of Criminal Appeals. *See* Tex. R. App. P. 66.3(b).

## PRAYER

For these reasons, the State requests that the Court grant this petition for discretionary review, reverse the court of appeals' judgment, and grant the State all other proper relief.

1

Respectfully Submitted,

/s/ A. Cliff Gordon

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 770 words.

## CERTIFICATE OF SERVICE

On August 3, 2015, a true copy of the foregoing was served via eServe on the following:

Alex J. Scharff
Campion & Campion
222 E. Main Plaza
San Antonio, TX 78205

Fred Jimenez
Law Offices of Fred Jimenez
509 Lawrence St. Ste. 301
Corpus Christi, TX 78401
Appellate Counsel for Appellee

/s/ A. Cliff Gordon
A. Cliff Gordon

## **APPENDIX**

1.      Opinion of the 13th Court of Appeals



# NUMBER 13-13-00357-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                         Appellant,

**v.**

MITCHELL McCLENDON,                                 Appellee.

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Chief Justice Valdez

By one issue, the State appeals the trial court's granting of appellee Mitchell McClendon's motion to suppress. We affirm.

## I. BACKGROUND

Officer Brett Boyer arrested McClendon for suspicion of driving while intoxicated. After McClendon refused to provide a blood sample, without first obtaining a warrant, Officer Boyer ordered a phlebotomist to acquire a sample of McClendon's blood pursuant to section 724.012(b)(3) of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.012 (West, Westlaw through Ch. 46 2015 R.S.) (setting out when a police officer is required to obtain a blood sample from a person suspected of driving under the influence). At the motion to suppress hearing, McClendon's trial counsel argued that Boyer failed to obtain a warrant prior to the blood draw as required under *Missouri v. McNeely*. *See Missouri v. McNeely*, __ U.S. __, 133 S.Ct. 1552 (2013). The State responded that the blood draw statute supported Officer Boyer's ordering of the blood draw and that Officer Boyer relied on the statute in good faith. The State conceded that there were no exigent circumstances in this case, and it did not argue that any other exception to the warrant requirement applied.[1]

The trial court granted McClendon's motion to suppress and entered findings of fact and conclusions of law. This appeal followed.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision on a motion to suppress for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Under our abuse of discretion analysis, we use a bifurcated standard. *State v. Ross*, 32 S.W.3d 853, 856

---

[1] Specifically, the prosecutor said,

And in this case, the case against [McClendon], the State isn't arguing that it wasn't a standard DWI, or that there were any exigent circumstances. We heard from the officers that there were none. We are only arguing that the purpose of, or the reason behind the blood draw was the statute that required him to get the blood sample. And for that reason, we ask that the defendant's motion to suppress is denied.

2

(Tex. Crim. App. 2000) (en banc) (citing *Guzman v. State*, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997) (en banc)); *see also Urbina v. State*, No. 13–08–00562–CR, 2010 WL 3279390, at *1 (Tex. App.—Corpus Christi Aug. 19, 2010, pet. ref'd) (mem. op., not designated for publication). We give almost total deference to the trial court's findings of historical fact that are supported by the record and to its resolution of mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (citing *Guzman*, 995 S.W.2d at 89). We "review de novo 'mixed questions of law and fact' that do not depend upon credibility and demeanor." *Id.* (quoting *Montanez v. State*, 195 S.W.3d 101, 107 (Tex. Crim. App. 2006)); *Guzman*, 995 S.W.2d at 89.

"When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We will uphold the trial court's ruling under any applicable theory of law supported by the facts of the case whether we infer the fact findings or whether we consider express findings. *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013). "Similarly, regardless of whether the trial court has made express conclusions of law, we uphold the trial court's ruling under any theory supported by the facts because an appellate court reviews conclusions of law de novo." *Id.* Under our de novo review, we are not required to defer to a trial court's particular theory. *Id.* This "rule holds true even if the trial court gave the wrong reason for its ruling." *Armendariz v. State*, 123 S.W.3d 401, 403 (Tex. Crim. App. 2003).

"To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). "A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant." *Id.* Once a defendant establishes there was no warrant, the burden shifts to the State to prove the warrantless search was reasonable under the totality of the circumstances. *Amador*, 221 S.W.3d at 672–73. The State satisfies this burden if it proves an exception to the warrant requirement. *See Gutierrez*, 221 S.W.3d at 685.

## III.  DISCUSSION

The State appears to argue that section 724.012(b) is a valid exception to the warrant requirement.[2] McClendon first responds that the State's brief is multifarious and then argues that the trial court properly concluded that Officer Boyer was required to obtain a warrant and there were no exigent circumstances shown to allow the blood draw.

This Court has already determined that the Legislature did not mean to circumvent the Fourth Amendment's requirement that the police officer acquire a warrant prior to acquiring a blood sample after the suspect refuses to provide a specimen regarding subsection (b)(3) of the mandatory blood draw statute. *See State v. Villarreal*, No. 13–

---

[2] In its brief, the State claims that the "trial court abused its discretion by granting [McClendon's] motion to suppress blood test based solely on [McClendon's] argument that the mandatory draw statute is unconstitutional." We disagree that the trial court concluded that the mandatory draw statute is unconstitutional or that the constitutionality of the statute was at issue at the hearing. Instead, at the hearing, all parties agreed that the only issue before the trial court was whether Officer Boyer was required to obtain a warrant prior to the blood draw. The prosecutor stated, "And, Your Honor, prior to the beginning of this we discussed that the only issue that would be discussed today would be the warrantless blood draw." And, McClendon's trial counsel said, "I don't want to take on the entire state of Texas to say the statute is unconstitutional in general, just say as applied in this case, because it does violate the warrant requirement of the [Fourth] Amendment and the United States Constitution, Texas Constitution, and Code of Criminal Procedure." Therefore, to the extent that the State argues on appeal that the statute is constitutional, we need not address that issue as it is not dispositive of the appeal. *See* TEX. R. APP. P. 47.1.

4

13–00253–CR, __ S.W.3d __, __, 2014 WL 1257150, at *11 (Tex. App.—Corpus Christi Jan. 23, 2014) *aff'd*, No. PD–0306–14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014) *reh'g granted*, (Feb. 25, 2015). In addition, the court of criminal appeals affirmed our decision, stating that "the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement" and "a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the Fourth Amendment." *Villarreal*, __ S.W.3d __, __, 2014 WL 6734178, at **20–21.[3]

The State conceded to the trial court that there were no exigent circumstances and did not argue that any other exceptions to the warrant requirement applied in this case.[4] The trial court concluded that Officer Boyer was required to obtain a warrant for the blood draw absent exigent circumstances. Accordingly, because section 724.012 of the transportation code does not by itself form a constitutionally recognized alternative to the warrant requirement, we conclude that the trial court did not abuse its discretion by granting McClendon's motion to suppress. *See id.* We overrule the State's sole issue.[5]

---

[3] After affirming our decision, the Court of Criminal Appeals granted the State's motion for rehearing. However, it has not vacated its decision affirming our ruling or withdrawn its opinion.

[4] Although the State argued to the trial court that Officer Boyer relied on the statute in good faith, it does not make this argument on appeal.

[5] The State also argues that other exceptions to the warrant requirement apply such as the automobile exception and voluntary consent and waiver. The State asserts that we must consider other things in our analysis such as "the underlying expectation of privacy as a factor" and "the nature of the privacy interest in blood" that "will be sufficient to sustain the constitutionality of [mandatory blood draw statutes], especially the Texas statute, which is narrowly drawn to include only the most egregious offenders and situations." However, although the State argued to the trial court that the *McNeely* decision is very narrow, the State did not make any of the above-mentioned arguments to the trial court. Accordingly, we may not reverse the trial court on any of these grounds. *See State v. Rhinehart*, 333 S.W.3d 154, 162 (Tex.

## IV. CONCLUSION

We affirm the trial court's judgment.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.

---

Crim. App. 2011) (stating that the "ordinary rules of procedural default" apply to the "losing party" in trial court); *Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002) ("It is well-settled that . . . it violates ordinary notions of procedural default for a Court of Appeals to reverse a trial court's decision on a legal theory not presented to the trial court by the complaining party.") (quotations omitted); *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998) (en banc) ("[I]n cases in which the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense."); *see also Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) ("And so it is that appellate courts may uphold a trial court's ruling on any legal theory or basis applicable to the case, but usually may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised.").