

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0009-12

**MELINDA ALFORD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**ALCALA, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

This case addresses whether a court of appeals must consider all alternative legal

theories raised on appeal, including those not argued at trial, that may serve as a basis to

uphold a trial court's ruling on a motion to suppress. In its sole issue in its petition for

discretionary review, the State challenges the court of appeals's decision reversing the

conviction of appellant, Melinda Alford, for driving while intoxicated. *See Alford v. State*,

No. 05-10-00922-CR, 2012 WL 5447866, at *4 (Tex. App.—Dallas Nov. 8, 2012) (not

designated for publication). The State contends that the court of appeals erred by holding that it procedurally defaulted its alternative legal theory that would serve to uphold the trial court's denial of appellant's motion to suppress. We conclude that the court of appeals erred by determining that the State procedurally defaulted its alternative theory due to its failure to present that theory in the trial court. We, however, need not reverse the judgment because, in spite of its statement that it would not consider any argument raised for the first time on appeal, the court of appeals actually considered and rejected all of the State's arguments, including its alternative theory, on the merits. We, therefore, affirm.

## I. Background

In March 2009, shortly before one in the morning, two officers with the Wylie Police Department were on bicycle patrol when they observed two individuals sitting in a parked car on a dead-end street about 100 yards from them.[1] The car was in a dark area illuminated only by a streetlight near a restaurant where disturbances frequently occur at that hour. One of the individuals, who was later identified as appellant, opened the passenger door, put her legs outside of the car, and leaned her head over her knees.

After watching the car for more than five minutes and hearing loud voices coming from it, the officers approached the car due to a concern that appellant was sick or needed assistance or, according to the trial court's findings of fact, that "a possible verbal altercation was taking place."

---

[1]     Some of the evidence was disputed at the motion-to-suppress hearing. This background section is written in accordance with the findings of fact made by the trial court.

During the officers' approach, the two occupants switched seats so that appellant, who was previously the passenger, became the driver. Appellant put the car in gear, took her foot off the brake, and drove the car about six to eight feet. Through the open driver's side window, one officer asked appellant to stop the car so that he could see if everyone in the car was okay. Appellant then stopped the car.

One of the officers asked appellant if anyone was sick or if there was a verbal altercation between her and the other occupant of the car. Appellant responded that no one was sick and that there was not any altercation. As appellant spoke, the officer immediately noticed an odor of alcohol coming from appellant and began investigating whether she was driving while intoxicated (DWI). That investigation led to appellant's arrest for DWI.

After she was charged with DWI, appellant filed a motion to suppress, which was denied by the trial court. Appellant pleaded not guilty and was convicted by a jury. She was sentenced to four months' confinement, but the jury suspended the sentence and placed her on community supervision for 12 months. After trial, the trial court made findings of fact, including that the police officer who testified both at the motion-to-suppress hearing and at trial was a credible witness and that his testimony was believable. The trial court also made conclusions of law limited to the theory that the officers were justified in approaching appellant's vehicle under the community-caretaking exception to the warrant requirement. The court concluded that the officers "had a reasonable belief, given the totality of the circumstances, that the defendant was in need of assistance" because of "possible illness" or

a "possible disturbance."

Appellant appealed the conviction to the court of appeals, arguing that the trial court erred by denying her motion to suppress. *Alford*, 2012 WL 5447866, at *1. In response, the State defended the trial court's ruling by presenting two theories. First, the State relied on the trial court's conclusion that the police officers' contact with appellant was justified under the community-caretaking exception to the warrant requirement. *Id.* at *3-4. Second, the State alternatively contended that the contact was a consensual encounter. *Id.* at *2. The State, however, had argued only the first theory to the trial court, and the trial court's conclusions of law had addressed only that theory.

The court of appeals issued an opinion and two opinions on rehearing after the State twice filed motions for rehearing. *See id.* at *1. In its second opinion on rehearing, the court of appeals determined that: (1) the officer's exercise of his community-caretaking function was not reasonable, and (2) the State's alternate theory on consensual encounter was (a) procedurally defaulted, or, alternatively, (b) unmeritorious. *Id*. at *2-4. With respect to the procedural-default analysis on the consensual-encounter theory, the court of appeals stated, "Because the State limited its argument at the hearing on the motion to suppress and at trial to the issue of whether the community caretaking function justified the stop in this case, the State has waived its complaint that the 'stop' was actually an 'encounter.'" *Id*. at *2 (citing TEX. R. APP. P. 33.1(a); *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998)).

After ruling that the State's consensual-encounter theory had been procedurally

defaulted, the court of appeals went on to reject that theory on the merits. *Id*. at *3. The court of appeals described the applicable law for consensual encounters, explaining that encounters with police officers are "consensual so long as a reasonable person would feel free to disregard the police and go about his business." *Id*. at *2. It explained that, in situations involving consensual encounters, "the State is not required to prove the law enforcement officer had either a reasonable suspicion or probable cause to approach the citizen and ask questions." *Id*. As authority, it cited this Court's decision in *Corbin v. State*, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002). *Id*. Applying the law to the facts of this case, the court of appeals considered evidence in the record that the officer "saw through the passenger window that the gear shift was in drive and 'made contact' with appellant"; that the officer "asked appellant if she would 'mind putting the car in park'"; and that, as the car began to move, the officer stated, "'Hey, is everybody okay? Wait. Stop. Put it in park[,] I want to talk to you for a minute.'" *Id*. at *3. On these facts, the court of appeals held that a seizure, rather than a consensual encounter, had occurred. *Id*. (citing *Corbin*, 85 S.W.3d at 276). It stated,

> We conclude [that the officer] created a situation in which a reasonable person would not have felt free to disregard the police and go about his business. Further, because [the officer] stopped appellant's automobile, appellant was seized within the meaning of the Fourth Amendment.

*Id*. (citations omitted).

In its petition for discretionary review, the State challenges only the procedural ruling by the court of appeals. It asks, "Did the court of appeals err in refusing to consider the State's consensual encounter argument because the State did not raise the argument in the

trial court?" The State asserts that, under the "long-established precedent" of this Court, a trial court's decision must be affirmed if it is correct for any reason, including reasons that were not argued to it by the prevailing party. The State asks that this Court reverse the judgment of the court of appeals and remand the case for "consideration of the State's argument."

## II. Analysis

We agree with the State that the court of appeals erred by holding that the consensual-encounter theory was procedurally defaulted, but we disagree that the judgment must be reversed for that reason because the court did, in fact, address the merits of that alternative theory in its analysis. The State has not presented any argument explaining why the court of appeals's rejection of the consensual-encounter theory on the merits might be erroneous.

In support of its holding that the State had procedurally defaulted its consensual-encounter argument, the court of appeals cited Rule 33.1(a) of the Texas Rules of Appellate Procedure for the proposition that the failure to present an argument to the trial court in the form of a timely request, objection, or motion waives the complaint on appeal. *See id.* at *2 (citing TEX. R. APP. P. 33.1(a)). Application of that rule to the State in this case was, however, erroneous because the State, as appellee, was not subject to normal procedural-default rules. *See* TEX. R. APP. P. 33.1(a). Ordinary notions of procedural default do not apply equally to appellants and appellees; in general, appellants are subject to procedural default and appellees are not. *See, e.g., State v. Rhinehart*, 333 S.W.3d 154, 162 (Tex. Crim.

App. 2011) ("ordinary rules of procedural default" apply to "losing party" in trial court);

*Vennus v. State*, 282 S.W.3d 70, 74 (Tex. Crim. App. 2009) (reviewing court may affirm trial

court's ruling "on a legal theory not presented to the trial court by the prevailing party"). This

rule has been repeatedly and consistently applied by this Court.[2] The rationale for this rule

is that an appellee, satisfied with the trial court's ruling in his favor, generally does not make

a "complaint on appeal." Rule 33.1(a), therefore, is inapplicable to the appellee, which in

this case is the State.

The court of appeals also relied on *State v. Mercado* for the proposition that

"[o]rdinary notions of procedural default should apply equally to the defendant and the

State." 972 S.W.2d at 78. The court of appeals correctly recited the rule but applied it in the

wrong way. In *Mercado*, this Court held that the State, as appellant, was prohibited from

raising an argument for the first time on appeal if that argument would serve as a basis to

---

[2]     *See, e.g., Turrubiate v. State*, No. PD-0388-12, 2013 WL 1438172, at *2, 2013 Tex. Crim. App. LEXIS 635, at *6 (Tex. Crim. App. Apr. 10, 2013) ("We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case.") (citing *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010)); *Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012) ("If a trial court's ruling is supported by the record, we will affirm that ruling if there is any valid theory of law that supports the ruling, even if that theory was not presented to the trial court.") (citing *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002)); *Tucker v. State*, 369 S.W.3d 179, 184 (Tex. Crim. App. 2012) ("In reviewing a trial court's ruling on a motion to suppress, appellate courts must afford great deference to the trial court's findings of historical facts as long as the record supports those findings."); *Ex parte Ellis*, 309 S.W.3d 71, 79 n.40 (Tex. Crim. App. 2010) ("[A]n appellate court may consider, for the first time on appeal, an alternate theory of law applicable to the facts of the case which supports the trial court's decision."); *Hailey v. State*, 87 S.W.3d 118, 121-22 (Tex. Crim. App. 2002) ("'[O]rdinary notions of procedural default' do not require a prevailing party to list or verbalize 'in the trial court every possible basis for upholding' its decision.") (quoting *State v. Mercado*, 972 S.W.2d 75, 77-78 (Tex. Crim. App. 1998)).

reverse the trial court's ruling on a motion to suppress. *Id.* at 77. We explained,

> Although this Court has approved of appellate courts considering alternative theories of law applicable to the facts of the case which *support* the trial court's decision, we have not afforded the courts of appeals latitude to reverse a trial court's decision on new theories of law not previously presented to that court for its consideration.

*Id.* Thus, *Mercado* served to clarify that ordinary notions of procedural default apply equally to all appellants, regardless of whether the appellant in a particular case is the State or the defendant. *Id.* at 78. It did not, however, alter the long-standing rule that the prevailing party in the trial court is not subject to ordinary procedural-default rules; rather, it reaffirmed that rule. *See id.* at 77.

Procedural-default rules are the same regardless of whether the trial court has made findings of fact and conclusions of law. Whether we infer the fact findings or consider express findings,[3] we uphold the trial court's ruling under any applicable theory of law supported by the facts of the case. *See, e.g., Turrubiate v. State*, No. PD-0388-12, 2013 WL 1438172, at *2, 2013 Tex. Crim. App. LEXIS 635, at *6 (Tex. Crim. App. Apr. 10, 2013); *State v. Duran*, 396 S.W.3d 563, 574 (Tex. Crim. App. 2013). Similarly, regardless of whether the trial court has made express conclusions of law, we uphold the trial court's ruling under any theory supported by the facts because an appellate court reviews conclusions

---

[3]     Appellate courts should afford almost total deference to a trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). "When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

of law de novo. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006) (noting that appellate court reviews trial court's legal ruling de novo regardless of whether trial court made explicit fact findings). Even if the trial court had limited its conclusion of law to a particular legal theory, an appellate court would not be required to defer to that theory under its de novo review. *See id*. Here, although the trial court made a conclusion of law denying appellant's motion to suppress under the community-caretaking exception to the warrant requirement, the appellate court was not limited to consideration of that legal theory and could uphold the trial court's ruling under any legal theory supported by the facts. *See id*. at 819 n.21.

We hold that the court of appeals erred by applying ordinary procedural-default rules to the prevailing party in the motion to suppress, which in this case was the State. Rather, it should have applied the rule that permits the prevailing party at trial to rely on any applicable legal theory to uphold the trial court's ruling on appeal. *See Mercado*, 972 S.W.2d at 77. We conclude, however, that we need not remand this case to the court of appeals because, although it initially determined that it need not address the State's consensual-encounter argument, it then addressed and rejected that argument on the merits, and the State has not challenged that analysis here. *See Alford*, 2012 WL 5447866, at *2-3. Because it has already rejected the merits of the State's consensual-encounter theory and the State did not challenge that analysis in its petition, we need not remand this case for the court of appeals to re-analyze that theory. *See* TEX. R. APP. P. 78.1(a); *Kober v. State*, 988 S.W.2d 230, 234

n. 4 (Tex. Crim. App. 1999) (remand unnecessary when court of appeals completes required analysis under proper standard); *State v. Terrazas*, 962 S.W.2d 38, 42 (Tex. Crim. App. 1998).

### III. Conclusion

We affirm the judgment of the court of appeals.

Delivered: June 26, 2013

Publish