PD-1460-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/9/2015 8:55:07 AM
Accepted 11/10/2015 4:06:57 PM
ABEL ACOSTA
CLERK

PD-_____

Court of Criminal Appeals of Texas

**THE STATE OF TEXAS**,

Petitioner

v.

**LAURA PALANZA**,

Respondent

State's Petition from the 13th District Court of Appeals
(Cause #13-13-00528-CR), on State's Appeal from the 347th District Court of
Nueces County (Cause #12-CR-1505-H)

## STATE'S PETITION FOR DISCRETIONARY REVIEW

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

Attorney for Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

November 10, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

**Trial Court Judge:** Honorable Missy Medary, Presiding Judge of the 347th District Court of Nueces County

**Petitioner:** The State of Texas, District Attorney for the 105th Judicial District, represented by

Appellate counsel:

>A. Cliff Gordon, Asst. Dist. Atty.
>901 Leopard St., Rm. 206
>Corpus Christi, TX 78401

Trial and appellate counsel:

>Mark Skurka, District Attorney
>Jacqueline Rae, Asst. Dist. Atty.
>901 Leopard St., Rm. 206
>Corpus Christi, TX 78401

**Respondent:** Laura Palanza, represented by

Trial and Appellate Counsel:

>Lisa Greenberg
>James Granberry
>622 S. Tancahua St.
>Corpus Christi, TX 78401

i

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES, AND COUNSEL .......................................... i

INDEX OF AUTHORITIES........................................................................iii

STATEMENT REGARDING ORAL ARGUMENT.........................................iv

STATEMENT OF THE CASE....................................................................iv

STATEMENT OF PROCEDURAL HISTORY...............................................iv

QUESTION PRESENTED FOR REVIEW ..................................................... v

    1. Whether the implied consent and mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement ........... v

ARGUMENT...........................................................................................1

PRAYER.................................................................................................1

CERTIFICATE OF COMPLIANCE ..............................................................2

CERTIFICATE OF SERVICE .....................................................................3

APPENDIX.............................................................................................4

    1. Opinion of the 13th Court of Appeals ......................................................4

# INDEX OF AUTHORITIES

**Cases**

State v. Villarreal, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), reh'g granted (Feb. 25, 2015) ...............................................1

**Rules**

Tex. R. App. P. 66.3 .......................................................................................1

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe that oral argument would be helpful to determine this appeal because the issue has already been argued in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), *reh'g granted* (Feb. 25, 2015).

## STATEMENT OF THE CASE

A grand jury indicted Laura Palanza for Intoxication Assault. Opinion at 2. The trial court granted her motion to suppress evidence relating to the warrantless draw of her blood pursuant to TEX. TRANSP. CODE § 724.012(b). Opinion at 2. The 13th Court of Appeals affirmed, holding that § 724.012 is not a constitutionally recognized alternative to the warrant requirement. Opinion at 5.

## STATEMENT OF PROCEDURAL HISTORY

**Date court of appeals' Opinion handed down**    October 8, 2015

**Date State filed Motion for Rehearing**    n/a

**Date Motion for Rehearing overruled**    n/a

## QUESTION PRESENTED FOR REVIEW

1. Whether the implied consent and mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement.

## ARGUMENT

Although this issue was initially decided against the State in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), *reh'g granted* (Feb. 25, 2015), the Court has yet to issue a final decision. Thus, the State respectfully requests that cases like the present one, with similar or identical issues, be held under consideration until *Villarreal* does become final and binding.

The State continues to argue that the implied consent and mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement, and that the decision of the Thirteenth Court of Appeals to the contrary decides an important question of federal law that has not been, but should be, settled by the Court of Criminal Appeals. *See* Tex. R. App. P. 66.3(b).

## PRAYER

For these reasons, the State requests that the Court grant this petition for discretionary review, reverse the court of appeals' judgment, and grant the State all other proper relief.

Respectfully Submitted,

/s/ A. Cliff Gordon
A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 727 words.

## CERTIFICATE OF SERVICE

On November 9, 2015, a true copy of the foregoing was served via eServe on the following:

Ms. Lisa Greenberg
lisagreenberglaw@gmail.com
Mr. James Granberry
jgranberrylaw@sbcglobal.net
622 S. Tancahua St.
Corpus Christi, TX 78401
Appellate Counsel for Appellee

/s/ A. Cliff Gordon
A. Cliff Gordon

## **APPENDIX**

1.      Opinion of the 13th Court of Appeals



NUMBER 13-13-00528-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

LAURA PALANZA,                                                          Appellee.

On appeal from the 347th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez**

By one issue, the State appeals the trial court's granting of appellee Laura Palanza's motion to suppress a warrantless blood sample under the Fourth Amendment. We affirm.

I.     BACKGROUND

After being involved in a car accident that injured another person, Palanza was arrested for intoxication assault and transported to a hospital. At the hospital, a sample of Palanza's blood was taken without her consent and without a warrant. Thereafter, Palanza filed a motion to suppress evidence of the blood sample under the Fourth Amendment. The trial court held a hearing on Palanza's motion to suppress.

At the hearing on Palanza's motion to suppress, the arresting officer testified that he instructed the phlebotomist at the hospital to draw Palanza's blood "because of serious bodily injury to the other [person] involved in the accident." The arresting officer also testified that although he did not attempt to obtain a warrant on the night of Palanza's arrest, it would have taken between forty-five and ninety minutes to get one. When asked why he failed to obtain a warrant, the arresting officer could provide no reason other than to say that his agency had no policy requiring police officers to obtain a warrant in blood-draw cases at the time of Palanza's arrest.

Citing *Missouri v. McNeely*, Palanza argued at the suppression hearing that no exigent circumstance existed to permit the arresting officer to obtain a sample of her blood without a warrant. *See* 133 S. Ct. 1552 (2013) (holding that, absent a showing of exigent circumstances, warrantless blood draws in drunk-driving cases violate the Fourth Amendment). At the end of the suppression hearing, the trial court agreed with Palanza and granted her motion to suppress. This appeal followed.

## II. MOTION TO SUPPRESS

By its sole issue, the State contends that the trial court erred when it suppressed evidence of the warrantless blood sample.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

2

We review a trial court's decision on a motion to suppress for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Under our abuse of discretion analysis, we use a bifurcated standard of review. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc) (citing *Guzman v. State*, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997) (en banc)). We give almost total deference to the trial court's findings of historical fact that are supported by the record and to its resolution of mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (citing *Guzman*, 995 S.W.2d at 89). We "review de novo 'mixed questions of law and fact' that do not depend upon credibility and demeanor." *Id.* (quoting *Montanez v. State*, 195 S.W.3d 101, 107 (Tex. Crim. App. 2006)).

"To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). "A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant." *Id.* Once a defendant establishes there was no warrant, the burden shifts to the State to prove the warrantless search was reasonable under the totality of the circumstances. *Amador*, 221 S.W.3d at 672–73. The State satisfies this burden if it proves an exception to the warrant requirement. *See Gutierrez*, 221 S.W.3d at 685.

One well-recognized exception to the warrant requirement applies "when the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *McNeely*, 133 S. Ct. at 1558. A variety of circumstances may give rise to an exigency sufficient to

3

justify a warrantless search, including the imminent destruction of evidence. *Id.* Courts look to the "totality of circumstances" to determine whether a law enforcement officer faced an emergency that justified acting without a warrant. *Id.* at 1559. In *McNeely*, the United States Supreme Court recently clarified the exigency exception in the context of warrantless blood draws in drunk-driving cases. *Id.* In that case, the State sought a per se rule for blood testing in drunk-driving cases, contending that "whenever an officer has probable cause to believe an individual has been driving under the influence of alcohol, exigent circumstances will necessarily exist because [blood alcohol concentration (BAC)] evidence is inherently evanescent." *Id.* at 1560. As such, the State claimed that "so long as the officer has probable cause and the blood test is conducted in a reasonable manner, it is categorically reasonable for law enforcement to obtain the blood sample without a warrant." *Id.* The Court rejected the per se rule advocated by the State, concluding:

> [W]hile the natural dissipation of alcohol in the blood may support a finding of exigency in a specific case . . . it does not do so categorically. Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances.

*Id.* at 1563. Thus, the United States Supreme Court held that in drunk-driving investigations, "the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." *Id.* at 1568. In doing so, the Court reaffirmed its long-standing totality-of-the-circumstances approach to determine whether a law enforcement officer faces an emergency that justifies acting without a warrant under the exigency exception. *Id.*

Section 724.012 of the Texas Transportation Code states in pertinent part that "[a] peace officer shall require the taking of a specimen of the person's breath or blood under any of the [listed] circumstances if the officer arrests the person for an offense under

4

Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a specimen voluntarily." *See* TEX. TRANSP. CODE ANN. § 724.012(b) (West, Westlaw current through 2015 R.S.). The applicable subsection states that an officer must take the person's blood if "the person was the operator of a motor vehicle . . . involved in an accident that the officer reasonably believes occurred as a result of the offense and, at the time of the arrest, the officer reasonably believes that . . . an individual other than the person has suffered serious bodily injury" as a direct result of the accident. *Id.* § 724.012(b)(1)(B).

## B. DISCUSSION

The State argues on appeal that the arresting officer was authorized to obtain a sample of Palanza's blood pursuant to section 724.012(b)(1)(B) because Palanza was arrested for an intoxication offense where an accident occurred and another person suffered serious bodily injury. According to the State, this circumstance—serious bodily injury to another person—will always be sufficient to supply an exigency that justifies warrantless blood draws in drunk-driving cases. In other words, the State contends that section 724.012(b)(1)(B) creates a per se exigent circumstance, which authorizes blood draws in every case falling within that section. We disagree.

Similar to the State's argument in *McNeely*, the State's categorical approach to determining whether an exigency exists is inconsistent with *McNeely's* holding that each case be evaluated on a case-by-case basis under the totality of the circumstances. *See McNeely*, 133 S.Ct. at 1563 (holding that "whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances"). Furthermore, the court of criminal appeals has rejected the State's

5

argument, holding that "the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement" and "a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the Fourth Amendment." *See State v. Villarreal*, No. PD–0306–14, 2014 WL 6734178, at *20–21 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted); *see also State v. Montes de Oca*, No. 13-14-00289-CR, 2015 WL 4504927, at *4 (Tex. App.—Corpus Christi July 23, 2015, no. pet. h.) (mem. op., not designated for publication) (citing *Villarreal* and holding that section 724.012 of the transportation code does not by itself form a constitutionally recognized alternative to the warrant requirement); *State v. McClendon*, No. 13-13-00357-CR, 2015 WL 4116695, at *3 (Tex. App.—Corpus Christi July 2, 2015, no. pet. h.) (mem. op., not designated for publication) (same); *State v. Ruiz*, No. 13-13-00507-CR (Tex. App.—Corpus Christi Aug. 27, 2015, no. pet. h.)(mem. op.) (holding the same as it relates to sections 724.011(a) and 724.014(a) of the transportation code). Accordingly, we conclude that section 724.012(b)(1)(B) of the transportation code does not, by itself, form a constitutionally recognized exception to the warrant requirement.[1] *See id.* Having rejected the State's argument concerning the exigency exception and section 724.012(b)(1)(B), we conclude that the trial court did not abuse its

---

[1] The State does not argue on appeal that even if section 724.012(b)(1)(B) does not provide the required exigency alone, other evidence presented at the suppression hearing nonetheless established an exigent circumstance.

discretion by granting Palanza's motion to suppress.[2]  *See id.*   We overrule the State's

sole issue.

## III.     Conclusion

We affirm the judgment of the trial court.


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice


Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of October, 2015.

---

[2] For the first time on appeal, the State argues that even if the exigency exception does not apply to justify warrantless blood draws in every case falling under section 724.012(b)(1)(B), warrantless blood draws might nonetheless be constitutionally permissible under three other exceptions to the Fourth Amendment's warrant requirement, including:  (1) the automobile exception; (2) the consent exception; and (3) the search incident to arrest exception.  The State also argues that warrantless blood draws are constitutional under the general Fourth Amendment balancing test, even if they do not fit into an established exception to the warrant requirement.  Finally, the State argues that the United States Supreme Court has "mislabeled" warrantless blood draws as Fourth Amendment searches when they more properly fit the legal definition of Fourth Amendment seizures, which, according to the State, "generally do[] not require a warrant."  However, the State made none of these arguments to the trial court.  An appellant may not raise an argument for the first time on appeal if it could serve as a basis for reversing the trial court's ruling on a motion to suppress.  *Alford v. State*, 400 S.W.3d 924, 928–29 (Tex. Crim. App. 2013); *State v. Mercado*, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998) (en banc).  We therefore hold that the State has waived these arguments by failing to present them to the trial court.