

# NUMBER 13-14-00682-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**THE STATE OF TEXAS,**　　　　　　　　　　　　　　　　**Appellant,**

**v.**

**JEROME EDMOND,**　　　　　　　　　　　　　　　　**Appellee.**

---

### On appeal from the 105th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Longoria
### Memorandum Opinion by Justice Garza

By one issue, the State appeals the trial court's order granting appellee Jerome Edmond's motion to suppress a warrantless blood sample taken pursuant to section 742.012 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 742.012 (West, Westlaw through 2015 R.S.). We affirm.

## I. BACKGROUND

In the early morning hours of March 20, 2013, Lieutenant Nichols of the Corpus Christi Police Department observed Edmond committing several traffic violations, including speeding and failing to stop at a stop sign. Lieutenant Nichols stopped Edmond's vehicle and noticed that he had glassy eyes, slurred speech, and appeared to be visibly intoxicated. Officer Robert Mayorga arrived at the scene to assist in the suspected driving-while-intoxicated (DWI) investigation. Lieutenant Nichols checked Edmond's records and learned that he had been convicted of driving while intoxicated on two prior occasions.

Officer Mayorga testified at Edmond's suppression hearing. Officer Mayorga testified that he attempted to conduct field sobriety tests, but Edmond refused to cooperate. Around 3:08 a.m., Edmond was asked to provide a blood sample, and he agreed to do so. Edmond was transported to Spohn South hospital to provide the blood sample. The transport from the scene of Edmond's arrest to the hospital took approximately thirty minutes. After arriving at the hospital, Edmond refused to provide a blood sample. Officer Mayorga testified that, despite Edmond's refusal to consent, a warrantless blood sample was taken around 3:40 a.m. "due to the fact he had the two prior convictions." After the blood draw, Edmond was taken to the city detention center. During the trip to the detention center, Edmond stated that he had agreed to the blood draw.

On cross-examination, Officer Mayorga acknowledged that the city had magistrates on duty to provide blood draw warrants in DWI cases. Officer Mayorga confirmed that he did not make any attempt to obtain a blood draw warrant on the evening

2

of Edmond's arrest.

Edmond filed a pre-trial motion to suppress the blood sample evidence on grounds that the warrantless blood draw was conducted solely pursuant to section 724.012 of the transportation code, there were no exigent circumstances, and that the blood draw was therefore conducted in violation of the Fourth Amendment. Following a hearing on April 4, 2014 and a second hearing on April 23, 2014, the trial court granted Edmond's motion. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion to suppress for abuse of discretion using a bifurcated standard of review. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). We give almost total deference to the trial judge's determination of historical facts and of mixed questions of law and fact that rely on credibility determinations if they are supported by the record. *Id.* We afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from it. *Wade v. State*, 422 S.W.3d 661, 666–67 (Tex. Crim. App. 2013). We review de novo the trial court's application of law to a particular set of facts. *Id.* at 667. We will uphold the trial judge's ruling if it is correct on any theory of law reasonably supported by the record. *Id.*

The defendant bears the initial burden of producing evidence to rebut the presumption of proper police conduct. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). The defendant satisfies this burden by showing that the search or seizure occurred without a warrant, shifting the burden to the State to show either the existence of a warrant or that the search and seizure was reasonable. *Id.* The State satisfies this

3

burden if it proves an exception to the warrant requirement. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

The Supreme Court has recognized that the drawing of a suspect's blood constitutes a "search" under the Fourth Amendment. *Missouri v. McNeely*, ___ U.S. ___, 133 S.Ct. 1552, 1558 (2013). "Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances." *Id.* at 1563. One exception to the warrant requirement applies "when the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *Id.* at 1558. In *McNeely*, the Supreme Court rejected the argument that the State's need to search a DWI suspect's blood for alcohol before it dissipates was a *per se* exigency dispensing with the need for a warrant. *Id.* at 1568.

Section 724.011(a) of the Texas Transportation Code provides that a person is "deemed to have consented . . . to submit to the taking of one or more specimens of the person's breath or blood" if arrested for a suspected DWI offense. *See* TEX. TRANSP. CODE ANN. § 724.011(a) (West, Westlaw through 2015 R.S.). Section 724.013 establishes a right to refuse to provide a breath or blood sample in routine DWI cases. *See id.* § 724.013 (West, Westlaw through 2015 R.S.). However, the right of refusal is subject to several exceptions, which are listed in section 724.012(b). If one of the circumstances listed in section 724.012(b) is present, an officer has a mandatory duty to require that the suspect's blood be drawn, even if the suspect refuses to comply. *See id.* § 724.012(b). Here, the relevant exception is when the arresting officer learns that the

4

accused had previously been convicted or placed on community supervision two or more times for DWI. *See id.* § 724.012(b)(3).

In *State v. Villarreal*, the Texas Court of Criminal Appeals held "that a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the Fourth Amendment." No. PD-0306-14, ___ S.W.3d ___, 2014 WL 6734178, at *21 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted).[1]

### III. DISCUSSION

Here, the State argued at the suppression hearing that Edmond waived any argument that he did not consent to the blood draw by granting consent, withdrawing it, and finally "re-conferring" consent after the blood draw. The State also argued that Edmond created exigent circumstances—an exception to the warrant requirement—by consenting to the blood draw and then withdrawing his consent. According to the State, the arresting officer relied on Edmond's consent in transporting him to the hospital when the officer could have used that time to obtain a warrant. On appeal, the State made the same argument in its brief: that the officer's reliance on Edmond's consent in not obtaining a warrant created an exigent circumstance.[2] It is undisputed that: (1) no

---

[1] We note that the Texas Court of Criminal Appeals has granted rehearing in *Villarreal*, but has not withdrawn its opinion. Accordingly, absent further guidance from the court of criminal appeals, the Court's reasoning and holding in *State v. Villarreal* governs this case. No. PD-0306-14, ___ S.W.3d ___, 2014 WL 6734178, at *21 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted).

[2] In its brief, the State argued that several other exceptions to the warrant requirement were applicable. However, none of those arguments were made to the trial court, and therefore, we may not reverse the trial court on any of those grounds. *See Alford v. State*, 400 S.W.3d 924, 928–29 (Tex. Crim. App. 2013) (noting that an appellant may not raise an argument for the first time on appeal if it would serve as a basis for reversing the trial court's ruling on a motion to suppress).

5

attempt was made to obtain a warrant and no warrant was obtained; (2) upon learning that Edmond had two prior convictions for DWI, the arresting officer relied on the mandatory-blood-draw statute; and (3) Edmond initially consented to the blood draw, but then withdrew his consent.

At oral argument before this Court, the State conceded that it could not rely on any consent exception to the warrant requirement because Edmond revoked his consent at the time of the blood draw.[3] The State also conceded that the argument it made to the trial court and in its brief—that the delay caused by Edmond consenting to the blood draw and then withdrawing consent created an exigent circumstance—was not very persuasive. The State noted that under *McNeely*'s totality-of-the-circumstances approach, evidence that obtaining a warrant would result in a considerable delay is a factor to be considered in an exigent circumstance analysis. *See McNeely*, 133 S.Ct at 1568. Here, however, approximately an hour and twenty minutes elapsed between the time Edmond was stopped and the time the nonconsensual blood draw was executed. Edmond consented to the blood draw at approximately 3:08 a.m. and withdrew his consent approximately thirty minutes later. The State conceded that this thirty-minute delay did not result in such a significant delay as to create an exigent circumstance. Moreover, there was no evidence that a significant delay would have resulted even if the officer had sought to obtain a warrant after Edmond withdrew his consent. The State conceded that the outcome of this case depends on the final disposition of the *Villarreal* case by the court of criminal appeals.

---

[3] *See Miller v. State*, 393 S.W.3d 255, 266 (Tex. Crim. App. 2012) (noting that it is "undisputed" that "consent may be limited or revoked").

6

We agree that the holding in *Villarreal* governs this case. We hold that the warrantless nonconsensual search of Edmond's blood conducted pursuant to the mandatory provisions of the transportation code violated the Fourth Amendment and that the State failed to establish an exception to render the warrantless blood draw reasonable. *See Villarreal*, 2014 WL 6734178 at *21; *State v. Ruiz*, No. 13-13-00507-CR, 2015 WL 5626252, at *6 (Tex. App.—Corpus Christi Aug. 27, 2015, pet. filed) (holding that implied consent provisions of transportation code do not constitute a recognized exception to warrant requirement and that the State failed to establish exigent circumstances exception); *see also State v. Palanza*, No. 13-13-00528-CR, 2015 WL 5920257, at *2 (Tex. App.—Corpus Christi Oct. 8, 2015, pet. filed) (mem. op., not designated for publication) (citing *Villarreal* and holding that section 724.012(b)(1)(B) of the transportation code does not, by itself, form a constitutionally recognized exception to warrant requirement); *State v. Montes de Oca*, No. 13-14-00289-CR, 2015 WL 4504927, at *4 (Tex. App.—Corpus Christi July 23, 2015, no pet. h.) (mem. op., not designated for publication) (citing *Villarreal* and holding that section 724.012 of transportation code does not by itself form a constitutionally recognized alternative to warrant requirement); *State v. Rodriguez*, No. 13-13-00335-CR, 2015 WL 3799353, at *9 (Tex. App.—Corpus Christi June 18, 2015, pet. filed) (mem. op., not designated for publication) (holding that State failed to show exigent circumstances exception to warrant requirement and blood sample was not properly acquired pursuant to section 724.012); *State v. Martinez*, No. 13-14-00117-CR, 2015 WL 1957087, at *7 (Tex. App.—Corpus Christi April 30, 2015, no pet. h.) (mem. op., not designated for publication) (holding that mandatory blood-draw statute was not facially unconstitutional and that State failed to show any exception to warrant

7

requirement).  We conclude that the trial court did not abuse its discretion by granting

Edmond's motion to suppress.  We overrule the State's sole issue.

## IV. Conclusion

We affirm the trial court's judgment.


Dori C. Garza
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
10th day of December, 2015.