# NOS. 12-17-00321-CR
# 12-17-00322-CR
# 12-17-00323-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERRY WAYNE JERGER, JR.,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jerry Wayne Jerger, Jr. appeals his conviction for unlawful possession of a firearm by a felon and two convictions for manufacture or delivery of a controlled substance. In two briefs, each containing two issues, Appellant argues that the trial court erred by denying his motions to suppress and that the judgments contain clerical errors. We affirm.

### BACKGROUND

On January 5, 2017, Detective Logan Smith of the Smith County Sheriff's Office initiated a traffic stop on Appellant because a computer check on the vehicle's license plates showed expired registration. After stopping Appellant, however, Smith observed that the registration sticker on the front windshield indicated that the vehicle's registration was not expired. Smith performed a computer check on the sticker and learned that it belonged to another vehicle. Smith arrested Appellant for displaying the wrong registration insignia, and during a search of Appellant's person incident to the arrest, he found a large bag of methamphetamine. Based on this incident, Appellant was charged by indictment with manufacture or delivery of a controlled

substance in penalty group 1, specifically by possessing four grams or more but less than two hundred grams of methamphetamine with intent to deliver.

On February 7, 2017, Tyler Police Officer Steve Black stopped to talk to Appellant and two other people standing at a car wash. When Black asked about a U-Haul vehicle parked in one of the bays, Appellant said he was taking it from Bullard to Lake Palestine. After obtaining Appellant's identification, Black determined that he had a parole violation warrant. When Black attempted to arrest Appellant, he fled on foot but was apprehended a short time later. After Appellant was placed in custody, Black asked Officer John Holland to check out the U-Haul vehicle. Upon looking through the vehicle's windows with a flashlight, Holland saw a bag of methamphetamine and the muzzle end of a handgun. Surveillance video confirmed that Appellant was the driver of the vehicle. Based on this incident, Appellant was charged by two indictments with unlawful possession of a firearm by a felon and manufacture or delivery of a controlled substance in penalty group 1, specifically by possessing two hundred grams or more but less than four hundred grams of methamphetamine with intent to deliver.

After the trial court denied his motions to suppress, Appellant pleaded "guilty" to the charges. The trial court assessed his punishment at imprisonment for twenty years in the firearm case and fifty years in each of the controlled substance cases. This appeal followed.[1]

## MOTIONS TO SUPPRESS

In Appellant's first issue in Cause No. 12-17-00323-CR, he argues that the evidence found on his person should have been suppressed because the traffic stop was extended beyond the time necessary to complete its purpose. In Appellant's first issue in Cause Nos. 12-17-00321-CR and 12-17-00322-CR, he argues that the evidence found in the U-Haul should have been suppressed because the vehicle was under police control and officers did not obtain a warrant before searching the U-Haul.

**Standard of Review**

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10

---

[1] The January 2017 offense was assigned Cause No. 12-17-00323-CR on appeal. The February 2017 firearm case was assigned Cause No. 12-17-00321-CR, and the February controlled substance case was assigned Cause No. 12-17-00322-CR. Appellant submitted one brief addressing Cause No. 12-17-00323-CR and another addressing Cause Nos. 12-17-00321-CR and 12-17-00322-CR.

S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. ***Shepherd v. State***, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. ***Neal v. State***, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. ***Maxwell v. State***, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See **State v. Ross***, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We uphold a trial court's ruling on a motion to suppress under any legal theory supported by the facts. ***Alford v. State***, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013).

**January 2017 Offense**

At the suppression hearing, Detective Smith testified that in response to discovering the registration sticker on Appellant's vehicle belonged to another vehicle, he placed Appellant in custody. On cross-examination, defense counsel pointed out that in the video of the arrest, Smith indicated that he was arresting Appellant because his registration sticker was "fake." Defense counsel further noted that the offense of displaying a fictitious registration insignia is a Class B misdemeanor and is distinct from the offense of displaying a registration insignia that is assigned to another vehicle, which is a misdemeanor punishable by a fine only.[2] In his closing argument and in the written motion to suppress, defense counsel argued that Appellant's arrest was based on a mistake of law because Smith said he was arresting Appellant for a Class B offense but he was guilty of a fine-only misdemeanor. Consequently, he argued that the evidence found during the search should be suppressed because the arrest was not lawful "as thought by the officer." The trial court denied the motion to suppress, concluding that the arrest was "based on probable cause to believe [Appellant] committed the offense of displaying a registration sticker assigned to a different motor vehicle in the officer's presence."

On appeal, Appellant argues that the evidence should be suppressed because the reason for the traffic stop concluded before the search occurred. *See **Rodriguez v. U.S.***, 135 S. Ct. 1609, 1614, 191 L. Ed. 2d 492 (2015) (Authority for seizure ends when tasks tied to traffic infraction are

---

[2] *See* TEX. TRANSP. CODE ANN. § 502.475(a)(1), (a)(4), (b), (d) (West 2013).

or reasonably should be completed). He contends that Detective Smith should have released him after determining he was guilty of only a Class C offense. However, a peace officer may arrest an offender without a warrant for any offense committed within his presence or view. TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2005). Arrests for even very minor offenses committed in an officer's presence do not violate the Fourth Amendment as long as they are based on probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557, 149 L. Ed. 2d 549 (2001). Here, the undisputed fact that Smith saw Appellant commit the offense of displaying the wrong registration insignia gave him probable cause for a lawful arrest. Therefore, the trial court did not abuse its discretion by denying the motion to suppress the evidence found on his person. Accordingly, we overrule Appellant's first issue in Cause No. 12-17-00323-CR.

**February 2017 Offense**

At the suppression hearing, Officer Holland testified that he looked through the passenger's side window of the U-Haul with a flashlight and saw a partially open backpack. Inside the backpack, he could see a Ziploc bag containing a substance he believed to be methamphetamine. He then looked through the driver's side window and saw the muzzle end of a handgun. Holland was aware that Appellant had a parole violation warrant and was therefore a convicted felon. Holland eventually entered the vehicle and retrieved the contraband.

On cross-examination, defense counsel questioned Officer Black and Officer Holland regarding how many officers were involved with the case that night. Black testified that "probably quite a few" officers were at the scene, but could not say who or how many were there. Holland testified that he remembered seeing seven specific officers at the scene, including himself. Defense counsel further questioned the officers regarding the police department's vehicle search policy. Apparently reading from the policy, defense counsel stated, "When practical, and if the imminent destruction or removal of property appears unlikely, a search warrant should be obtained if necessary and practical. And [sic] officer may guard the property until a search warrant can be executed." Black responded, "Okay," and acknowledged that no search warrant was obtained before Holland entered the vehicle.

In its closing argument, the State argued that the warrantless search was lawful under both the plain view exception and the automobile exception. In his closing argument and the written motion to suppress, defense counsel argued that the search was unlawful because no exigent circumstances existed and the police department's guidelines were violated. The trial court denied

4

the motion to suppress, concluding that "[t]he search of [Appellant's] U-Haul truck was valid and supported by Officer Holland's plain view observation of evidence that a crime was being committed[.]"

On appeal, Appellant argues that the evidence found in the U-Haul vehicle should be suppressed because the search was unreasonable. He contends that the search was unreasonable because twelve police officers were involved in the case and the police department's policy recommends obtaining a warrant before searching a vehicle. Appellant further argues that the plain view exception to the warrant requirement does not apply because it was not immediately apparent that the tip of the handgun was contraband.

We uphold the trial court's denial of the motion to suppress in these cases, but not under the theory on which it based its ruling. *See Alford*, 400 S.W.3d at 929. The trial court concluded that the search of the vehicle was lawful under the plain view exception. We disagree. Seizure of an object is lawful under the plain view exception if three requirements are met. *Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). First, the law enforcement official must lawfully be located where the object can be plainly viewed. *Id.* Second, the incriminating character of the object in plain view must be immediately apparent to the official. *Id.* Third, the official must have the right to access the object. *Id.*

Under the court of criminal appeals's reasoning in *Keehn*, the third requirement is not met in this case. *See id.* at 335. In *Keehn*, a police officer looked through the windows of a van parked in the driveway of a home where he was conducting a theft investigation and saw a propane tank that appeared to contain anhydrous ammonia. *Id.* at 332. The police subsequently entered the van and seized the tank without a warrant. *Id.* The court of criminal appeals held that the search and seizure were not lawful under the plain view exception because the police had no lawful right to enter the van under that doctrine. *Id.* at 335. Likewise, although Officer Holland was lawfully located at the car wash, and the incriminating character of the gun and the methamphetamine were immediately apparent to him, he had no lawful right to enter the U-Haul under the plain view doctrine. *See id.*

However, like the police in *Keehn*, Officer Holland had a lawful right to enter the U-Haul under the automobile exception. *See id.* at 336. Under the automobile exception, law enforcement officials may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband. *Id.* at 335. Here, the record supports a finding that

5

the U-Haul vehicle was readily mobile. Appellant told Officer Black that he was taking the vehicle from Bullard to Lake Palestine, and the surveillance video showed the vehicle driving into the car wash. Furthermore, the record supports a finding that Officer Holland had probable cause to believe the vehicle contained contraband. Holland testified that he observed a substance that appeared to be methamphetamine in a Ziploc bag and the "very pronounced and obvious muzzle end of a 1911 pistol." Moreover, while Holland was en route to the scene, Black informed him that Appellant had a parole violation warrant, thus apprising Holland of the fact that Appellant was a convicted felon. We conclude that the search and seizure were lawful under the automobile exception. *See id.* at 336.

Furthermore, Appellant cites no authority for the proposition that the violation of a police department's policy renders a search and seizure unlawful under the Fourth Amendment. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities). Consequently, we conclude that this argument is without merit, and that the trial court did not abuse its discretion by denying the motion to suppress the evidence found in the vehicle. Accordingly, we overrule Appellant's first issue in Cause Nos. 12-17-00321-CR and 12-17-00322-CR.

### JUDGMENT ERROR

In Appellant's second issue in each brief, he argues that the judgments in the controlled substance cases state the wrong offense. He contends that the judgments should be modified to state he is guilty of "possession of a controlled substance with intent to deliver" rather than "manufacture or delivery of a controlled substance in penalty group 1." The State argues that "manufacture or delivery of a controlled substance in penalty group 1" is the correct name of Appellant's offenses. We agree with the State.

Under Texas Health and Safety Code Section 481.112(a), a person commits the offense of manufacture or delivery of a substance in penalty group 1 if he "knowingly manufactures, delivers, or possesses with intent to deliver" a substance in penalty group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017). Methamphetamine is a substance in penalty group 1. *Id.* § 481.102(6) (West Supp. 2017). Thus, possessing methamphetamine with intent to deliver it is one way to commit the offense of manufacture or delivery of a controlled substance in penalty group 1. *See id.* §§ 481.112(a), 481.102(6); *see also Lopez v. State*, 108 S.W.3d 293, 297 (Tex. Crim.

App. 2003). Therefore, we conclude that Appellant's judgments correctly state the offense names. Accordingly we overrule Appellant's second issue in each brief.

**DISPOSITION**

Having overruled Appellant's first and second issues in each brief, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered September 19, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 19, 2018

### NO. 12-17-00321-CR

**JERRY WAYNE JERGER, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0552-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 19, 2018

NO. 12-17-00322-CR

**JERRY WAYNE JERGER, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0553-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 19, 2018

NO. 12-17-00323-CR

**JERRY WAYNE JERGER, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0557-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*