# NO. 12-21-00059-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAY PAUL HARDY,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jay Paul Hardy appeals his conviction for driving while intoxicated. In one issue, Appellant challenges the trial court's denial of his motion to suppress. We affirm.

## BACKGROUND

Deputy Francisco Oviedo, a deputy with the Smith County Sherriff's Office, was patrolling Farm to Market Road 756 (FM 756) in Smith County when he observed Appellant's car traveling southbound. Oviedo saw Appellant change lanes into the right turn only lane toward Toll 49 and turn right onto the Toll 49 ramp without activating his turn signal. Oviedo then initiated a traffic stop. Following an investigation, Appellant was arrested for driving while intoxicated.

Appellant filed a pretrial motion to suppress the evidence obtained as a result of his detention, arguing that he was detained without reasonable suspicion of an offense in violation of the Fourth Amendment. At a hearing on the motion, the State argued that Deputy Oviedo had reasonable suspicion to detain Appellant for failure to signal a lane change and failure to signal before turning.[1] After the hearing, the trial court denied the motion, finding that Appellant violated the Texas Transportation Code when he failed to signal when changing lanes and failed

---

[1] *See* TEX. TRANSP. CODE ANN. § 545.104 (West 2011).

1

to signal when turning onto the Toll 49 ramp from FM 756. Appellant subsequently pleaded "guilty," and the trial court assessed punishment at confinement for thirty days. This appeal followed.

**MOTION TO SUPPRESS**

In Appellant's sole issue, he argues that the trial court erred by denying his motion to suppress because Deputy Oviedo lacked reasonable suspicion to justify his detention.

**Standard of Review and Applicable Law**

A criminal defendant who alleges a Fourth Amendment violation bears the burden of producing some evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. *Id.* The burden then shifts to the state to prove that the search or seizure was nonetheless reasonable under the totality of the circumstances. *Id.* at 672-73.

Reasonable suspicion exists if a law enforcement officer has specific articulable facts that, when combined with rational inferences from these facts, would lead him to reasonably suspect that a particular person has engaged, is engaging, or soon will be engaging in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). In determining whether reasonable suspicion existed, courts analyze the objective facts surrounding the detention, not the officer's subjective reasons for it. *Garcia v. State*, 827 S.W.2d 937, 943-44 (Tex. Crim. App. 1992). The state need not show with absolute certainty that an offense occurred to show reasonable suspicion. *Garcia*, 43 S.W.3d at 530.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact

and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

We review de novo whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion of criminal activity. *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018). We uphold a trial court's ruling on a motion to suppress under any legal theory supported by the facts. *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013).

**Analysis**

At the suppression hearing, Deputy Oviedo testified that he was on patrol on October 31, 2019. He conducted a traffic stop on a silver Silverado because he observed "it failed to signal its turn from 756 to Toll 49." He further testified that when he approached Appellant and told him why he conducted the stop, Appellant responded that he was aware he did not signal. A video recording taken from Deputy Oviedo's vehicle was admitted into evidence at the hearing. The video shows Oviedo's vehicle traveling on a two-lane road. Appellant's vehicle is in front of Oviedo's. After Appellant crosses the bridge over Toll 49, his vehicle changes lanes into the right turn only lane without signaling. Appellant's vehicle then turns right onto the Toll 49 ramp without signaling. Appellant did not activate his turn signal until Oviedo conducted the traffic stop.

On appeal, Appellant argues the trial court erred by denying his motion to suppress because the record does not support its conclusion that Appellant violated Section 545.104 of the Transportation Code when he turned without activating his turn signal. He urges that the lane ended and he could not have continued straight, which is akin to a merging of two lanes and does not require a signal. *See Mahaffey v. State*, 316 S.W.3d 633, 638-39 (Tex. 2010). We disagree.

Section 545.104 of the Texas Transportation Code provides in pertinent part:

> (a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.
>
> (b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

TEX. TRANSP. CODE ANN. § 545.104 (West 2011). The plain language of the statute requires the driver to signal for a turn. It does not include exceptions for those situations in which there is

only one direction to turn. *Wehring v. State*, 276 S.W.3d 666, 670 (Tex. App.—Texarkana 2008, no pet.). Furthermore, if a turn is made from one street onto another, a signal is required. *Id.*; *Williams v. State*, No. 05-02-00314-CR, 2002 WL 31521373, at *2 (Tex. App.—Dallas Nov. 14, 2002, pet. ref'd) (op., not designated for publication). It is undisputed that FM 756 and Toll 49 are separate roadways. Therefore, Appellant's maneuver was not tantamount to merging lanes, and Appellant was required to signal before turning.

Based on the facts of this case, we conclude that Deputy Oviedo had reasonable suspicion that Appellant violated Section 545.104, and, therefore, the trial court did not err by denying Appellant's motion to suppress. *See* TEX. TRANSP. CODE ANN. § 545.104(a); *Garcia*, 43 S.W.3d at 530; *Garcia*, 827 S.W.2d at 943-44; *Wehring*, 276 S.W.3d at 671. Because we must sustain the trial court's ruling if it is correct under any applicable theory of law, we need not address the other alleged traffic violation. *See Sanchez v. State*, No. 04-18-00302-CR, 2019 WL 3229192, at *5 (Tex. App.—San Antonio April 17, 2019, no pet.) (op., designated for publication). Accordingly, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered February 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 9, 2022**

**NO. 12-21-00059-CR**

**JAY PAUL HARDY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 001-80046-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*