

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00038-CR

_____

TENDO EDMOND, Appellant

V.

THE STATE OF TEXAS

___

On Appeal from County Criminal Court No. 4
Denton County, Texas
Trial Court No. CR-2018-07211-D

___

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellant Tendo Edmond pled nolo contendre to possessing under two ounces of marijuana in exchange for sixty days in jail, and the trial court convicted him and sentenced him accordingly. *See* Tex. Health & Safety Code Ann. § 481.121(a)(b)(1); Tex. Penal Code Ann. § 12.22. Appellant preserved his right to appeal the trial court's pretrial denial of his motion to suppress and timely appealed. In one issue, Appellant contends that the trial court erred by denying his motion to suppress the warrantless search of his car because the State forfeited any argument based on the automobile exception. Alternatively, he argues that the automobile exception did not justify the search because his car was not readily mobile. We hold that the preservation rules did not apply to the State, who prevailed in the trial court, and that the automobile exception justified the search. We therefore uphold the trial court's denial of Appellant's motion to suppress and affirm the trial court's judgment.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

During a traffic stop based on unconfirmed insurance and a warrant "hit" related to Appellant's Nissan Sentra's license plate number, Carrollton police smelled the odor of marijuana coming from the car. The police arrested Appellant after confirming active arrest warrants and placed him in a patrol car. They then searched his car and found marijuana inside a black box in the front passenger seat.

Appellant was later charged with possessing less than two ounces of marijuana, and he filed a motion to suppress the warrantless search, arguing that it violated

2

*Arizona v. Gant*'s proscription of searches incident to arrest, 556 U.S. 332, 351, 129 S. Ct. 1710, 1723–24 (2009); exceeded a limited search allowed in a *Terry* stop, *Terry v. Ohio*, 392 U.S. 1, 30–31, 88 S. Ct. 1868, 1884–85 (1968); was not a lawful inventory search; and was not justified by the automobile exception (although he cited impoundment inventory-search cases—*South Dakota v. Opperman*, 428 U.S. 364, 375–76, 96 S. Ct. 3092, 3100 (1976), and *Benavides v. State*, 600 S.W.2d 809, 812 (Tex. Crim. App. 1980), not cases based on the automobile exception grounded in probable cause).

At the hearing on Appellant's motion to suppress, the two Carrollton police officers involved in his arrest and the car search testified, and the trial court admitted the audio-video recording of the detention and search. In her closing argument, the prosecutor conceded that the inventory-search and search-incident-to-arrest exceptions did not apply but argued that "it's well settled that smelling marijuana gives officers the ability to search a vehicle" and "[t]hat's an exception to a warrant. If you have probable cause to search you don't need a warrant." The prosecutor did not use the term *automobile exception*.

The trial court issued the following written findings after denying the motion to suppress:

1. Sgt. Christopher Gent and Officer Micah Goodman are both certified peace officers in the State of Texas and work for the Carrollton Police Department.

2. Sgt. Gent and Officer Goodman testified before this Court at a hearing on Defendant's Motion to Suppress on January 24, 2019. The Court finds the testimony of both witnesses to be credible in all regards.

3. On November 22, 2018 at around 11:02 PM, Sgt. Gent was conducting routine patrol on Frankford Road, Carrollton, Denton County, Texas.

4. Sgt. Gent conducted a traffic stop on the defendant's black Nissan Sentra for unconfirmed insurance and warrants attached to the vehicle.

5. The driver, and only occupant of the vehicle, was identified as Tendo Edmond, the defendant in this case.

6. Sgt. Gent did not initially smell an odor of marijuana coming from the vehicle because he was congested from being ill and his sense of smell was compromised, which was apparent from the video evidence.

7. Sgt. Gent confirmed that the defendant had active warrants from three different agencies, which included two felony warrants from the Dallas County Sheriff's Office.

8. Once Sgt. Gent confirmed the defendant's warrants, he called for a back-up unit since his vehicle was not equipped for prisoner transport. Officer Goodman arrived to backup Sgt. Gent.

9. Sgt. Gent testified that he smelled the odor of marijuana on his second approach of the defendant's vehicle.

10. Sgt. Gent testified that based on his training and experience, he is familiar with the odor of marijuana.

11. Officer Goodman testified that he smelled the odor of marijuana coming from the defendant's vehicle while he was still several feet away from the vehicle.

12. Officer Goodman testified that based on his training and experience, he is familiar with the odor of marijuana.

4

13. The defendant was placed under arrest for his warrants and placed in the back of Officer Goodman's vehicle.

14. Sgt. Gent and Officer Goodman then conducted a probable cause search of the defendant's vehicle based on the smell of marijuana coming from the vehicle.

15. Marijuana was located inside the defendant's vehicle in a black box sitting in the passenger's seat.

The trial court concluded that the automobile exception justified the warrantless search.

## II. STANDARDS OF REVIEW

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). While we give great deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on evaluating credibility and demeanor, we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). Even if the trial court gave the wrong reason for its ruling, we must uphold the ruling if it is both supported by the record and correct under any applicable legal theory. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

5

Whether a warrantless search is reasonable is a question of law that we review de novo, measuring reasonableness by examining the totality of the circumstances. *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004). In the process we must balance the public interest and the individual's right to be free from arbitrary detentions and intrusions. *Id.* at 63.

## III. DISCUSSION

In his sole issue, Appellant complains that the trial court erred by denying his motion to suppress because the State did not raise the automobile exception in the trial court and therefore forfeited it. Alternatively, Appellant complains that the automobile exception did not apply because his car was not readily mobile, as he was already in custody at the time of the search.

### A. The State had no duty to raise the automobile exception.

Appellant argues that the State did not argue the automobile exception in the trial court and therefore forfeited its appellate argument based on it. As the prevailing party in the trial court, the State was not subject to the rules of procedural default. *See Alford v. State*, 400 S.W.3d 924, 928 (Tex. Crim. App. 2013). The case Appellant relies on does not state otherwise. *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (holding that the court of appeals correctly declined to consider the *appellant* State's argument not made in the trial court). We review the trial court's legal rulings de novo, upholding them under *any* correct legal theory. *Alford*, 400 S.W.3d at 929. Nevertheless, in the interest of justice, we point out that the State here did argue the

6

automobile exception in the trial court, albeit not by name. In her closing argument, the prosecutor alluded to the automobile exception by stating that "smelling marijuana gives officers the ability to search a vehicle" and "[t]hat's an exception to a warrant. If you have probable cause to search you don't need a warrant." Further, Appellant mentioned the term *automobile exception* in his motion to suppress, and the trial court based its denial of Appellant's motion to suppress on the automobile exception. This is therefore not a case where Appellant was sandbagged on appeal with a legal theory he had no opportunity to argue against in the trial court. *But see State v. Esparza*, 413 S.W.3d 81, 85 (Tex. Crim. App. 2013) (upholding the intermediate appellate court's reversal of the trial court's suppression order without addressing Rule 702 theory because neither the suppression motion nor the suppression hearing gave the State or the trial court any notice that the challenged breath-test results could be excluded on that basis). We therefore reject this portion of Appellant's issue.

### B. The automobile exception justifies the warrantless search.

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). A warrantless search is per se unreasonable unless it falls within one of the "specifically defined and well established" exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) (footnote

and internal quotation marks omitted); *see Best v. State*, 118 S.W.3d 857, 862 (Tex. App.—Fort Worth 2003, no pet.).

Under the automobile exception to the warrant requirement, police may search a vehicle without a warrant if it is readily mobile and they have probable cause to believe the vehicle contains contraband. *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S. Ct. 2485, 2487 (1996); *California v. Carney*, 471 U.S. 386, 393, 105 S. Ct. 2066, 2070 (1985); *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009); *Wiede*, 214 S.W.3d at 24. The two justifications for the automobile exception are the automobile's ready mobility and the lower expectation of privacy in an automobile in contrast to a home or office. *Carney*, 471 U.S. at 391, 105 S. Ct. at 2069; *Keehn*, 279 S.W.3d at 335. Exigent circumstances are not a requirement of the automobile exception. *Maryland v. Dyson*, 527 U.S. 465, 467, 119 S. Ct. 2013, 2014 (1999); *Neal v. State*, 256 S.W.3d 264, 283 (Tex. Crim. App. 2008); *State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998) (overruling the lower court's decision that because a car in police custody could not be moved without the police's permission, the automobile exception did not apply).

As for Appellant's claim that his car was not readily mobile when it was searched because he was sitting handcuffed in the police car, neither case cited by Appellant in his brief stands for that proposition. *See Marcopoulos v. State*, 538 S.W.3d 596, 600–04 (Tex. Crim. App. 2017) (holding the automobile exception did not justify the warrantless search of defendant's car because police lacked probable cause); *Keehn*,

279 S.W.3d at 335–36 (holding the automobile exception justified the search of defendant's van parked in his driveway while officers were interviewing him inside his home).

Further, courts, including this one, have already rejected the mobility argument Appellant raises. *See Rogers v. State*, No. 02-15-00160-CR, 2016 WL 299752, at *4 (Tex. App.—Fort Worth Jan. 14, 2016, pet. ref'd) (mem. op., not designated for publication) (stating, in case in which the driver was arrested, handcuffed, and placed in a patrol car before the search of his vehicle culminating in the defendant passenger's arrest, "There is no question that [the] vehicle was readily mobile as it was being driven by [the driver] immediately prior to the search."); *see also State v. Pena*, No. 03-18-00765-CR, 2019 WL 3786570, at *11–12 (Tex. App.—Austin Aug. 13, 2019, pet. filed) (citing *Rogers* for the proposition that the car was readily mobile and rejecting the defendant's assertion that the automobile exception did not apply because he had already been handcuffed and placed in a patrol car before the search of his car); *cf. Neal*, 256 S.W.3d at 283 (rejecting defendant's assertion that the automobile exception did not apply because he was already in police custody and therefore there was no risk of the evidence in his truck being lost or destroyed). *But see State v. Elias*, 339 S.W.3d 667, 678 (Tex. Crim. App. 2011) (stating in dicta that "it could perhaps be debated whether the automobile exception to the warrant requirement ought properly to be applied" in case in which defendant was arrested before the search of his van) (citing *Amos v. State*, 819 S.W.2d 156, 161 (Tex. Crim.

App. 1991)); *Amos*, 810 S.W.2d at 161 (stating in dicta, "It may be that where police come upon an automobile that is parked, and a suspect is in custody, something more than the inherent mobility of the vehicle is needed to establish exigency to justify a warrantless search," but recognizing that the United States Supreme Court indicated otherwise in *Carney*, 471 U.S. at 392–93, 105 S. Ct. at 2070).

Despite the dicta of the Texas Court of Criminal Appeals, the United States Supreme Court has made clear that a car does not lose its ready mobility after its occupant's arrest. In *Michigan v. Thomas*, 458 U.S. 259, 102 S. Ct. 3079 (1982), the minor driver who was cited for driving without a license and the passenger owner of the car—the adult defendant who was arrested for having an open bottle of malt liquor in the car—were taken to a patrol car before the police searched the defendant's car and found two bags of marijuana and a loaded revolver in the air vents under the dashboard. The United States Supreme Court reversed a lower court's conclusion that because the car and its occupants were in custody by the time of the warrantless search, no exigency justified it. *Id.* at 261, 102 S. Ct. at 3080–81. The Court stated,

> It is . . . clear that the justification to conduct . . . a warrantless search [under the automobile exception] does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.

*Id.*

Accordingly, we hold that the trial court correctly determined that the automobile exception justified the warrantless search of Appellant's car. We overrule the remainder of his issue.

## IV.  CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 14, 2019