# NO. 12-20-00083-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KUNAL KIRIT PATEL,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kunal Kirit Patel appeals his conviction for driving while intoxicated. In one issue, Appellant challenges the trial court's denial of his motion to suppress. We affirm.

## BACKGROUND

Texas Department of Public Safety Trooper Joshua Hollars was patrolling Farm to Market Road 756 in Smith County when he observed Appellant's car traveling north in the right lane of traffic. Hollars saw Appellant's right turn signal activate at a location where there was nowhere to turn. The turn signal remained on for approximately twenty seconds before Appellant attempted to turn into an apartment complex entrance. It is disputed whether while making the turn Appellant's right tires went over the curb and adjoining sidewalk or his right rear tire merely struck the curb. Hollars detained Appellant, administered standardized field sobriety tests, and arrested Appellant for driving while intoxicated.

Appellant filed a pretrial motion to suppress the evidence obtained as a result of his detention, arguing that he was detained without reasonable suspicion of an offense in violation of the Fourth Amendment. At a hearing on the motion, the State argued that Trooper Hollars had reasonable suspicion to detain Appellant for failure to maintain a single lane of traffic[1] and

---

[1] *See* TEX. TRANSP. CODE ANN. § 545.060(a) (West 2011).

driving while intoxicated. After a hearing, the trial court denied the motion, finding that during the turn, Appellant drove over the sidewalk with both right tires, and, in doing so, violated the Texas Transportation Code's proscription against unsafe turns.[2] Appellant subsequently pleaded "guilty," and the trial court assessed his punishment at confinement for 180 days, suspended for a term of fifteen months. This appeal followed.

## MOTION TO SUPPRESS

In Appellant's sole issue, he argues that the trial court erred by denying his motion to suppress because Trooper Hollars lacked reasonable suspicion to justify his detention.

### Standard of Review and Applicable Law

A criminal defendant who alleges a Fourth Amendment violation bears the burden of producing some evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. *Id.* The burden then shifts to the state to prove that the search or seizure was nonetheless reasonable under the totality of the circumstances. *Id.* at 672-73.

Reasonable suspicion exists if a law enforcement officer has specific articulable facts that, when combined with rational inferences from these facts, would lead him to reasonably suspect that a particular person has engaged, is engaging, or soon will be engaging in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). In determining whether reasonable suspicion existed, courts analyze the objective facts surrounding the detention, not the officer's subjective reasons for it. *Garcia v. State*, 827 S.W.2d 937, 943-44 (Tex. Crim. App. 1992). The state need not show with absolute certainty that an offense occurred to show reasonable suspicion. *Garcia*, 43 S.W.3d at 530.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273

---

[2] In the trial court's conclusions of law, it cites Section 545.104(a) as the section violated but recites the content of Section 545.103, entitled "Safely Turning." *See* TEX. TRANSP. CODE ANN. § 545.103 (West 2011). On appeal, we presume—and both parties agree—that the trial court intended to state Appellant violated Section 545.103.

S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

We review de novo whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion of criminal activity. *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018). We uphold a trial court's ruling on a motion to suppress under any legal theory supported by the facts. *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013).

**Analysis**

At the suppression hearing, Trooper Hollars testified that the incident occurred shortly after midnight on a Saturday morning, which is a prime time to encounter intoxicated drivers. He further stated that the incident occurred on a road where two popular bars are located and that is well known for driving while intoxicated offenses. Hollars's attention was first drawn to Appellant's vehicle by Appellant's activation of a turn signal in a place where there was nowhere to turn. Hollars stated that the turn signal was on far longer than the one hundred feet required by law before turning,[3] and agreed that it was on for about one thousand feet. This action raised Hollars's suspicion. Hollars testified that when Appellant turned, both of his right tires went onto the curb and across the sidewalk in a "pretty violent" and unsafe manner. Hollars further testified that the sidewalk was designated for foot traffic, and that driving on a sidewalk is never safe. He then detained Appellant for multiple reasons, including the time of night, the long turn signal, and Appellant's hitting the curb and driving across the sidewalk.

A video recording taken from Trooper Hollars's vehicle was admitted into evidence at the suppression hearing. The video shows Hollars driving in the left lane of a four-lane road and then slowing down and pulling into the center turn lane. Appellant's vehicle is then seen traveling in the right lane next to another vehicle in the left lane. Appellant's turn signal is activated almost immediately after passing Hollars. Appellant's vehicle slows, and, almost

---

[3] *See* TEX. TRANSP. CODE ANN. § 545.104(b) (West 2011).

twenty seconds later, begins to turn right near an apartment complex entrance. Appellant's left tires go through the entrance, but his right tires appear to cut the corner, travel across the curb and sidewalk, and then fall from the curb as Appellant continues into the entrance. Pictures of the area were obtained from Google Maps and admitted into evidence. They show that a sidewalk runs along the road immediately next to the curb and continues into the entrance.

On appeal, Appellant argues that the trial court erred by denying his motion to suppress because the record does not support its conclusion that Appellant made an unsafe turn in violation of Section 545.103 and Trooper Hollars had no reasonable suspicion of any other offense. In support of his argument, Appellant first contends that the video does not show him driving over the curb and sidewalk but merely striking the curb with his rear right tire. Appellant further contends that the State failed to show reasonable suspicion of a Section 545.103 violation because it produced no evidence that the turn was unsafe, "such as the presence of other vehicles, a collision or evasive maneuvering, [or] property damage." We cannot grant Appellant relief based on either of these contentions.

First, we disagree with Appellant's assertion that the video indisputably shows his rear tire merely clipped the curb. We afford great deference to the trial court's findings of historical facts as long as the record supports those findings. *Tucker v. State*, 369 S.W.3d 179, 184 (Tex. Crim. App. 2012). The same deferential standard applies when the finding is based on a videotape recording admitted into evidence at a suppression hearing. *Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006). Because of the poor lighting and bad camera angle, the video is not ideal for viewing the turn. However, the video shows the right side of Appellant's vehicle rise and fall as it turns into the entrance, and it appears to drive over the curb and sidewalk. Based on our review of the video, we conclude that it supports the trial court's finding that Appellant drove across the curb and sidewalk.

Next, we disagree with Appellant's contention that the State failed to show Trooper Hollars had reasonable suspicion of a Section 545.103 violation because it produced no evidence that the turn was unsafe. Under Section 545.103, "[a]n operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely." TEX. TRANSP. CODE ANN. § 545.103. In support of his argument, Appellant cites three cases that address the safety element of another

4

transportation code statute, Section 545.060, entitled "Driving on Roadway Laned for Traffic." *Id.* § 545.060. Section 545.060 states the following:

> (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
>
> (1) shall drive as nearly as practical entirely within a single lane; and
>
> (2) may not move from the lane unless that movement can be made safely.

*Id.* § 545.060(a). In each case cited by Appellant, the respective court of appeals held that the State failed to prove the defendant's movement was unsafe where the evidence showed only that the defendant either changed multiple lanes at once or left his lane of travel momentarily. *See Hernandez v. State*, 983 S.W.2d 867, 872 (Tex. App.—Austin 1998, pet. ref'd); *Aviles v. State*, 23 S.W.3d 74, 79 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Bass v. State*, 64 S.W.3d 646, 651 (Tex. App.—Texarkana 2001, pet. ref'd). We find this case distinguishable from those. Here, Appellant drove over a curb and a sidewalk designated for foot traffic.

Based on the facts of this case, we conclude that Trooper Hollars had reasonable suspicion that Appellant violated Section 545.103, and, therefore, the trial court did not err by denying Appellant's motion to suppress. *See* TEX. TRANSP. CODE ANN. § 545.103; *Garcia*, 43 S.W.3d at 530; *Garcia*, 827 S.W.2d at 943-44; *see also Singleton v. State*, 91 S.W.3d 342, 347-48 (Tex. App.—Texarkana 2002, no pet.) (reasonable suspicion existed where officer testified defendant's turn was so fast and sharp that tires squealed, indicating turn was unsafe). Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 6, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 6, 2021**

**NO. 12-20-00083-CR**

**KUNAL KIRIT PATEL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 002-82440-18)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*