# NO. 12-21-00157-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REGINALD DEWAYNE STATEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Reginald Dewayne Staten appeals his conviction for possession of a controlled substance in an amount more than four grams but less than 200 grams. In a single issue, Appellant contends the trial court erred when it denied his motion to suppress. We affirm.

## BACKGROUND

On March 25, 2019, the Palestine Police Department received a call regarding a potential domestic disturbance in the Family Dollar parking lot. The store manager called police to report a man and woman in the parking lot having an argument. The caller also provided a description of the man's vehicle and the direction he left the parking lot. Officers Carlos Mata and Cody Rice responded to the call and began to search for a vehicle matching the description. After observing a vehicle in the vicinity that matched the description, Officer Mata initiated a traffic stop. Officer Mata informed the driver, Appellant, that he was responding to a welfare concern regarding a disturbance in the Family Dollar parking lot. Appellant admitted that he was involved in that disturbance with his girlfriend. Officer Mata then asked Appellant to exit the vehicle, so he could proceed with the investigation. During their conversation, Officer Mata smelled marijuana on Appellant and in Appellant's vehicle. Thereafter, Officer Rice searched the vehicle and located

pills, which were later identified as methamphetamine. When the officers attempted to effectuate an arrest, Appellant fled on foot.

Appellant was later arrested and charged by indictment with possession of a controlled substance, methamphetamine, in an amount more than four grams but less than 200 grams. Prior to trial, Appellant filed a motion to suppress alleging that the officers lacked reasonable suspicion to initiate the traffic stop. Following a hearing, the trial court denied the motion. Although Appellant requested findings of fact and conclusions of law, the trial court did not make any findings and conclusions. Subsequently, pursuant to a plea agreement, Appellant pleaded "guilty" and was sentenced to fifteen years of imprisonment. This appeal followed.[1]

## MOTION TO SUPPRESS

In his sole issue, Appellant argues the trial court abused its discretion in denying his motion to suppress because Officer Mata lacked reasonable suspicion to conduct the traffic stop. The State responds that the officer had a reasonable suspicion to conduct the stop and, in the alternative, that Officer Mata was exercising his community-caretaker function.

### Standard of Review and Applicable Law

A criminal defendant who alleges a Fourth Amendment violation bears the burden of producing some evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. *Id*. The burden then shifts to the state to prove that the search or seizure was nonetheless reasonable under the totality of the circumstances. *Id*. at 672-73.

Reasonable suspicion exists if a law enforcement officer has specific articulable facts that, when combined with rational inferences from these facts, would lead him to reasonably suspect that a particular person has engaged, is engaging, or soon will be engaging in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). In determining whether reasonable suspicion existed, courts analyze the objective facts surrounding the detention, not the officer's subjective reasons for it. *Garcia v. State*, 827 S.W.2d 937, 943-44 (Tex. Crim. App. 1992). The state need not show with absolute certainty that an offense occurred to show reasonable suspicion. *Garcia*, 43 S.W.3d at 530.

---

[1] The trial court gave Appellant permission to appeal the denial of the motion to suppress. *See* TEX. R. APP. P. 25.2(a)(2)(b).

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. **Hubert v. State**, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); **Carmouche v. State**, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. **Shepherd v. State**, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. **Neal v. State**, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. **Maxwell v. State**, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. See **State v. Ross**, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

We review de novo whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion of criminal activity. **State v. Cortez**, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018). We uphold a trial court's ruling on a motion to suppress under any legal theory supported by the facts. **Alford v. State**, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013).

## Analysis

Appellant argues that because Officer Mata did not observe a traffic violation, he lacked reasonable suspicion to conduct a traffic stop. The State urges that Officer Mata was investigating a possible assault and that Appellant's vehicle matched the suspect description, which gave him reasonable suspicion to justify the stop. In the alternative, the State contends Officer Mata was acting under the community-caretaking function in responding to a welfare concern.

Officer Mata testified at the hearing on the motion to suppress. He testified that he was on patrol on March 25, 2019, when he was dispatched to a Family Dollar location. A caller claimed a male and female were arguing in the parking lot. The caller, only identified as "Chris – manager," also described the male and his vehicle. Officer Mata described the call as relating an argument between a male and a female. Officer Rice found a vehicle matching the caller's description, and Officer Mata stopped the vehicle to investigate. Appellant was driving the vehicle and was the sole occupant. Officer Mata testified that he informed Appellant that he was investigating an incident at the Family Dollar parking lot. Appellant responded that he had just left the Family Dollar and had been in an argument with his girlfriend. Officer Mata described his

investigation as a "possible assault/domestic violence." He acknowledged that he did not observe Appellant commit an offense and had not spoken with the female subject. He only stopped Appellant because he "had an indication he and his girlfriend had been arguing." He also testified that he was investigating a disturbing the peace call and is obligated to check the welfare of all parties involved in the disturbance.

Officer Rice testified that he and Officer Mata had been dispatched to a disturbance call at a Family Dollar. According to Officer Rice, the caller described an argument between a black male and female. He further testified, "The people that called said – told dispatch that the vehicle – I guess the parties were separated and were leaving, didn't know if they were together or separate, and gave a description of the vehicle that they were in." The caller also told dispatch the direction in which the vehicle left. Officer Rice stated that they began looking for the vehicle "just to make sure that everybody was good . . . and nobody was hurt." On cross-examination, Officer Rice stated that he had no indication anyone had been harmed in the altercation and had only been told the couple had been arguing. However, after refreshing his recollection with his report, he stated that the Family Dollar's manager called and indicated that the male was threatening to assault the female.

The evidence at the suppression hearing demonstrates that the officers received a call regarding an argument between a male and female of such a nature that the caller was concerned for the female's safety. The caller provided his name, a basic description of the complaint, and identifying information for the police. This increases the reliability of the information relied upon by the police. *See Illinois v. Gates*, 462 U.S. 213, 234, 103 S. Ct. 2317, 2330, 76 L. Ed. 2d 527 (1983); *Kirkpatrick v. State*, No. 12-09-00453-CR, 2010 WL 2855179, at *2-3 (Tex. App.—Tyler July 21, 2010, no pet.). Specifically, the caller described a silver SUV and an argument between a black male and female. As explained by Officer Rice, dispatch told the officers that the caller indicated the male had threatened to assault the female. It is unclear whether the caller knew whether the male and female left the Family Dollar together. Therefore, it was also unknown to the officers whether the female was in danger or injured in the vehicle. After finding a vehicle in the vicinity that matched the caller's description, Officer Mata initiated a traffic stop. Appellant then admitted to being the person involved in the altercation the officers were investigating. After the officers smelled marijuana, the investigation shifted from a welfare concern and investigation of disturbing the peace.

4

The trial court was the sole judge of the credibility of the witnesses' testimonies. *See Maxwell*, 73 S.W.3d at 281. Accordingly, the trial court could have reasonably concluded that the primary reason Officer Mata stopped Appellant was that Appellant's vehicle matched the description that had been given related to a potential assault.[2] *See Hauser v. State*, No. 11-03-00115-CR, 2003 WL 22211347, at *2 (Tex. App.—Eastland Sept. 25, 2003, no pet.) (mem. op., not designated for publication). Based on the totality of the circumstances, and giving deference to the trial court's factual determinations, we conclude Officer Mata had a reasonable suspicion that Appellant was the person who was involved in the reported disturbance and possible assault. *See Miranda v. State*, No. 05-01-00494-CR, 2002 WL 1634161, at *2-3 (Tex. App.—Dallas July 24, 2002, pet. ref'd) (op., not designated for publication) (officer had sufficient articulable facts to suspect the "disturbance" was an altercation that had taken place at club; an objective basis to connect appellant with that altercation; and that the altercation rose to the level of a crime, concluding that officer had reasonable suspicion to justify detaining appellant in order to determine his identity, briefly investigate the reported disturbance, and maintain the status quo); *Harris v. State*, No. 2-06-166-CR, 2007 WL 614059, at *3-4 (Tex. App.—Fort Worth Mar. 1, 2007, no pet.) (mem. op., not designated for publication) (deputy had reasonable suspicion to stop vehicle that matched description of vehicle driven by robbery suspect); *Hauser*, 2003 WL 22211347, at *2 (officer had reasonable suspicion to stop vehicle that matched description of vehicle driven by theft suspect). Therefore, the trial court did not err in denying the motion to suppress. Because we so conclude, we need not address the State's community-caretaking function arguments. *See* TEX. R. APP. P. 47.1. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered March 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2021).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2022**

**NO. 12-21-00157-CR**

**REGINALD DEWAYNE STATEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-20-34707)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*