

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00692-CR

The **STATE** of Texas,
Appellant

v.

Billy Rodolfo **RAMIREZ**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2022CVK001350D1
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:    Irene Rios, Justice
           Lori I. Valenzuela, Justice
           Velia J. Meza, Justice

Delivered and Filed: October 29, 2025

REVERSED AND RENDERED

The State of Texas appeals the trial court's order granting the appellee's request for habeas relief. On September 27, 2023, this court affirmed the trial court's judgment and ordered the case dismissed with prejudice. On December 11, 2024, the Court of Criminal Appeals vacated our opinion and remanded the case to consider the merits of the appeal in light of its decision in *Ex parte Aparicio,* 707 S.W.3d 189 (Tex. Crim. App. 2024), cert denied sub nom. *Aparicio v. Tex.,*

145 S. Ct. 2852 (2025). On August 12, 2025, we issued an opinion and judgment reversing the trial court's judgment and remanding for further proceedings consistent with the opinion.

Appellee subsequently filed a motion for reconsideration *en banc*. Acting *sua sponte*, we withdraw our August 12, 2025 opinion and judgment in this case and substitute this opinion and judgment in their stead to render judgment. *See* TEX. R. APP. P. 43.3 (appellate court should render judgment trial court should have rendered, except when remand is necessary for further proceedings or for another trial in the interests of justice); *see also State v. Lopez-Miranda*, No. 04-23-00153-CR, 2024 WL 3954213, at *3 (Tex. App.—San Antonio Aug. 28, 2024, no pet.) (mem. op., not designated for publication) (reversing and rendering judgment dismissing habeas application and reinstating information). For the following reasons, we reverse the trial court's order granting habeas relief, render judgment denying Appellee's application for pretrial habeas relief, and reinstate the information charging Appellee with the misdemeanor offense of criminal trespass. Because we substitute this opinion and judgment for our August 12, 2025 opinion and judgment, we deny Appellee's motion for *en banc* reconsideration as moot.

## BACKGROUND

Appellee was arrested and charged with misdemeanor criminal trespass as a part of Operation Lone Star ("OLS"). Appellee subsequently filed a pretrial application for writ of habeas corpus, arguing that the State engaged in selective prosecution by choosing to prosecute men for criminal trespass but not to prosecute similarly situated women for the same offense, in violation of the Equal Protection clauses of the United States and Texas constitutions. The trial court granted Appellee's habeas application and ordered the case dismissed. The State appealed.

**DISCUSSION**

On appeal, the State argues that Appellee's selective-prosecution claim is not cognizable in a pretrial habeas proceeding and that the trial court erred by granting the application for writ of habeas corpus.

**I. Standard of Review**

Generally, we review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468 (Tex. App.—San Antonio 2020, pet. ref'd)*.* "However, when, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. We will uphold the trial court's ruling "if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). "That rule holds true even if the trial court gave the wrong reason for its ruling." *Armendariz*, 123 S.W.3d at 404 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

**II. Jurisdiction**

The State argues that a pretrial application for writ of habeas corpus based on a claim of selective prosecution is not cognizable on appeal. The Appellee, however, disputes this argument. From our review, the facts and arguments in this case are substantively the same as those in *Ex parte Aparicio*, in which the Court of Criminal Appeals concluded that the appellee's claim of selective arrest and prosecution was cognizable under the facts of that case. 707 S.W.3d at 202. Accordingly, we conclude that Appellee's claim is cognizable.

The State's other argument alleging the district court lacked jurisdiction because the writ did not formally issue with service on an officer with custody of Appellee also fails. "Because (1) formal issuance of a writ is not a jurisdictional requirement, (2) the State fails to argue or provide a record to show that it did not enter a general appearance in the trial court proceedings, that the trial court did not otherwise obtain personal jurisdiction over the State, or that it did not receive notice that the district court was considering [Appellee's] habeas application, and (3) the district court had, in effect, issued the writ when it granted relief on the merits of [Appellee's] application, we conclude that the district court did not lack jurisdiction based on any alleged failure of the district court to formally issue a writ." *Rodriguez-Gomez*, 716 S.W.3d at 717.

## III. Selective Prosecution

Appellee's habeas petition argues the State unlawfully discriminated against Appellee by selectively prosecuting only men for criminal trespass and not women. The State argues the Appellee failed to present evidence of selective prosecution and only presented evidence of selective enforcement. However, both claims utilize the same standards for determining a violation of the Equal Protection Clause and invoke the same analysis, since they both impose the same burdens on the litigants.[1] *Aparicio*, 707 S.W.3d at 200–01.

---

[1] On appeal, Appellee contends the State waived any argument as to the merits of the Appellee's selective prosecution claims during the hearing in the trial court. However, the "appellant bears the burden initially to 'dispel the presumption that the [Government] has not violated equal protection' with 'clear evidence to the contrary.'" *Aparicio*, 707 S.W.3d at 204 (quoting *United States v. Armstrong*, 517 U.S. 456, 465 (1996)); *see Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993) ("A writ applicant has the burden of proving the facts which would entitle the applicant to relief."); *cf. State v. Kilma*, 934 S.W.2d 109 (Tex. Crim. App. 1996) (State was able to raise the issue of standing for the first time on appeal where defendant, as the party bringing the motion to suppress, bore the burden of first establishing all elements of suppression claim before the burden shifted to the State). Because we review the application of law to facts *de novo*, we will first turn to see if the habeas applicant affirmatively established their right to relief. *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013) ("Even if the trial court had limited its conclusion of law to a particular legal theory, an appellate court would not be required to defer to that theory under its de novo review."). Moreover, neither the trial court nor the State had the benefit of the Court of Criminal Appeals decision in *Aparicio* in reviewing the merits of Appellee's Equal Protection prosecutorial discrimination claim. 707 S.W.3d 189. We thus conclude the State did not waive its argument Appellee failed to meet its burden under *Aparicio*. *Id.*

To establish a prima facie case of "selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose." *Id.* at 204 (citations omitted). The second prong requires the claimant "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id*. at 208 (emphasis in original) (quoting *U.S. v. Armstrong*, 517 U.S. 456, 464–65 (1996)). In other words, the claimant must show by "'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id*. at 210 (emphasis in original) (citations omitted).

The evidence here is substantively the same as the evidence presented in *Aparicio*. *Id*. at 189. We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that the evidence is insufficient to show that the State of Texas' policy was motivated by a discriminatory purpose. *Id.* at 204.

## CONCLUSION

Because Appellee failed to establish the second prong of his selective prosecution claim, the trial court erred in granting his application for writ of habeas corpus. Accordingly, we reverse the trial court's order granting Appellee's pretrial application for writ of habeas corpus, render judgment denying Appellee's habeas relief, and reinstate the information charging Appellee with the misdemeanor offense of criminal trespass.

PER CURIAM

DO NOT PUBLISH